FILED
03/15/2022
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs March 2, 2022

## EDWARD RONNY ARNOLD v. DEBORAH MALCHOW ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 19C-3007, 20C-2199   Amanda Jane McClendon, Judge**

———————————————————

### No. M2021-00695-COA-R3-CV

———————————————————

Appellant appeals from various orders entered against him in two consolidated cases. Because we lack subject matter jurisdiction, we dismiss this appeal

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J. joined.

Edward Ronny Arnold, Nashville, Tennessee, Pro Se.

Cyrus Lucius Booker, Brentwood, Tennessee, for the appellee, Allstate Insurance Company (Nashville).

## MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves two interrelated cases filed in the trial court. First, on December 27, 2019, Plaintiff/Appellant Edward Ronny Arnold ("Appellant"), proceeding pro se, filed a complaint for damages against Defendants Deborah Malchow, Progressive Direct Auto ("Progressive"), and Mountain Laurel Assurance Company ("Mountain

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Laurel"). This complaint was assigned docket number 19C-3007 ("Case No. 19C-3007"). The complaint alleged that Ms. Malchow had injured Appellant through the negligent operation of a motor vehicle and that either Progressive or Mountain Laurel was Ms. Malchow's insurer. On January 2, 2020, Progressive and Mountain Laurel filed a joint motion to dismiss on the ground that Tennessee law does not permit direct actions against insurance companies. On January 27, 2020, the trial court entered an order dismissing Progressive and Mountain Laurel as parties. This ruling was designated as final pursuant to Rule 54.02 of the Tennessee Rules of Appellate Procedure.

On October 5, 2020, Appellant initiated a second lawsuit involving the car accident at issue in Case No. 19C-3007. In the second case, Appellant named his own underinsured/uninsured motorist carrier, Defendant/Appellee Allstate Insurance Company ("Allstate") as the sole defendant. Therein, Appellant set out as his "first cause of action" "negligent operation of a motor vehicle by uninsured motorist." Appellant then set forth four "cause[es] of action against insurance company," including breach of contract, breach of the implied duty of good faith and fair dealing, and two claims of tortious breach of the implied duty of good faith and fair dealing. This complaint against Allstate was assigned docket number 20C-2199. ("Case No. 20C-2199").

On October 22, 2020, the trial court consolidated the two cases "as the two matters concern the same common questions of fact and law and therefore should be consolidated." Allstate answered the complaint in Case No. 20C-2199 on November 4, 2020.

Relevant to this appeal, on January 15, 2021, Appellant filed a motion to begin discovery in Case No. 20C-2199. In response, on the same day, Allstate filed a motion for a protective order precluding Appellant from taking the depositions of several of its employees. On January 9, 2021, the trial court entered an order stating that

> this Court finds that Docket No. 20C- 2199 is being pursued by [Appellant] as a uninsured/underinsured motorist claim, and because the named Defendant in Docket No. 19C-3007 is a claim against the alleged negligent named Defendant, Deborah Malchow, who has been determined to have insurance, this Court finds that all proceedings by [Appellant] in Docket No. 20C-2199 should be stayed pending further development of proof relating to whether Defendant Malchow may be an underinsured motorist, and accordingly it is
> ORDERED that all proceedings relating to Docket No. 20C-2199 be and hereby are stayed pending further order of this Court, and it is
> FURTHER ORDERED that Plaintiff s Motion to Begin Discovery Phase in Civil Action 20C-2199 be and hereby is denied as without merit and unnecessary, and it is also
> FURTHER ORDERED that the Motion of [] Allstate [] for Protective Order be and hereby is denied in light of the fact that this Court is staying all

proceedings relating to Docket No. 20C-2199.

On April 30, 2021, Ms. Malchow filed a motion to dismiss Case No. 19C-3007. Ms. Malchow also filed a motion for sanctions. The trial court granted in part and denied in part Ms. Malchow's motion to dismiss by order of June 16, 2021. Therein, the trial court found that Appellant stated a claim against Ms. Malchow for negligent operation of a motor vehicle. But the trial court ruled that all other claims against Ms. Malchow should be dismissed, including the claims of breach of an insurance contract and breach of the duty of good faith and fair dealing. This order was filed under the docket numbers of both cases. On June 23, 2021, Appellant filed a notice of appeal to this Court.

Following the filing of the notice of appeal, proceedings occurred simultaneously in the trial court and the appellate court. In the trial court, on July 22, 2021, Allstate filed a renewed motion for a protective order, asking that Appellant be precluded from taking the depositions of Allstate employees that had no knowledge of the facts involved in the case. According to Allstate, the only remaining issues in the case were "whether Defendant Malchow engaged in the negligent operation of a motor vehicle, and if so, whether said negligence resulted in property damage and/or personal injuries to [Appellant]." The trial court entered an order on August 11, 2021, granting Allstate's motion. First, the trial court detailed the procedural history of the consolidated cases, including the fact that the trial court had "stayed further proceedings relating to Docket No. 20C- 2199 pending further development of proof relating to whether Defendant Malchow was an underinsured motorist relating to the subject accident." As for the June 16, 2021 order on the motion to dismiss, the trial court found as follows:

> By an Order on Motion to Dismiss (CaseLink 20C-2199 Item No. 58), this Court dismissed the [Appellant's] claims of breach of insurance contract, contractual breach of implied covenant of good faith dealing and tortious breach of implied covenant of good faith and fair dealing. This Order was not a final order relating to Docket No. 20C-2199, since this Court had stayed proceedings regarding the underinsurance motorist claim pending the outcome of Docket No. 19C- 3007 and a determination regarding whether Defendant Malchow was an underinsured motorist.

The trial court further found that because the deposition of the only Allstate employee with knowledge had already been taken, Appellant was seeking to depose individuals with no relevant information on the issues to be tried. Thus, the trial court granted Allstate's motion for a protective order. The only subsequent filings in the trial court related to the record on appeal.

Meanwhile, in the appellate court, on July 9, 2021, Ms. Malchow filed a motion to dismiss this appeal due to lack of a final judgment. Appellant responded in opposition on July 15, 2021. On July 19, 2021, this Court reserved ruling on Ms. Malchow's motion to

allow her to supplement her motion with supporting documentation. On July 26, 2021, Allstate filed its own motion to dismiss for lack of subject matter jurisdiction. On July 30, 2021, Ms. Malchow filed a supplement to her motion to dismiss. On the same day, Appellant responded in opposition to Allstate's motion. On August 3, 2021, we denied the motions to dismiss "without prejudice to the parties addressing the issue in their briefs or to the Court revisiting the issue sua sponte once the record has been filed." The parties thereafter submitted their respective briefs and this matter was submitted to the Court.

## II. ISSUES PRESENTED

Appellant raises a number of issues on appeal.[2] In addition to asserting that the trial court did not abuse its discretion in entering the orders appealed, Allstate contends that this appeal should be dismissed because this Court lacks subject matter jurisdiction. We agree.[3]

## III. DISCUSSION
### A.

We begin with Appellant's issues that relate to the claims against Ms. Malchow and Allstate. In general, a party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645. Unless otherwise provided by rule or statute, "appellate courts have [subject matter] jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990); *see also, e.g.,* Tenn. R. App. P. 9 (governing discretionary interlocutory appeals); Tenn. R. App. P. 10 (governing discretionary extraordinary appeals); Tenn. R. Civ. P. 54.02 (allowing appeals of some non-final judgments when certain requirements are met). Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived by the parties.

---

[2] We are mindful of the fact that Appellant is proceeding pro se. Nevertheless, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer*, 138 S.W.3d at 903 (internal citations omitted)). "[T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903.

[3] As a result, all of the issues raised by Appellant in this appeal are pretermitted.

*Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). *But see Bayberry*, 783 S.W.2d at 559 (allowing the court to suspend Rule 3's finality requirement). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999) (citing Tenn. R. Civ. P. 12.08).

In his notice of appeal, Appellant listed both Case No. 19C-3007 and Case No. 20C-2199 as the cases from which he is appealing. Specifically, he listed the trial court's June 16, 2021 order, as the order appealed.[4] This order did not, however, adjudicate all of the claims of all of the parties in either of the two consolidated cases. While we agree with Appellant that the trial court's June 16, 2021 order is not a model of clarity as to the claims that were adjudicated against Allstate, particularly given that Allstate did not appear to file any motion to dismiss the claims against it, it is clear that the allegation that Ms. Malchow negligently operated a motor vehicle was not dismissed. As a result, the claim against Allstate for "negligent operation of a motor vehicle by uninsured motorist" likewise appears to remain pending notwithstanding the apparent dismissal of the other claims against Allstate. Thus, it appears that claims against both Ms. Malchow and Allstate remain pending at this time. Indeed, this conclusion is confirmed by the trial court's August 11, 2021 order, which stated that some claims remained pending against both Ms. Malchow in Case No. 19C-3007 and Allstate in Case No. 20C-2199 and that no final judgment had yet been entered in either of the two consolidated cases. Nothing in the record indicates that these claims were ever disposed of. And the August 11, 2021 order is the last substantive order entered by the trial court that is contained in the record on appeal. As such, it appears that neither Case No. 19C-3007 nor Case No. 20C-2199 has been rendered final such that they are subject to appeal as of right under Rule 3. We therefore must dismiss this appeal as it relates to the claims against Ms. Malchow and Allstate, without prejudice to the timely filing of a subsequent notice of appeal once a final or otherwise appealable judgment has been entered.

**B.**

In a somewhat conclusory fashion, Appellant also contends that this Court should reverse the order dismissing Progressive or Mountain Laurel. Although not addressed by Allstate in its brief, we note that this issue again implicates our subject matter jurisdiction, which we may raise sua sponte. *See Reliant Bank v. Bush*, 631 S.W.3d 1, 6 (Tenn. Ct. App. 2021), perm. *app. denied* (Tenn. June 11, 2021) (quoting *Dishmon*, 15 S.W.3d at

---

[4] In his brief, Appellant also takes issue with earlier orders entered by the trial court. Unless and until a final order is entered under Rule 3 or Rule 54.02 of the Tennessee Rules of Appellate Procedure, as discussed *infra*, these orders remain interlocutory and not subject to appeal under Rule 3. *See generally Bellomy v. AutoZone, Inc.*, 383 S.W.3d 507, 520 (Tenn. Ct. App. 2012) (citing Tenn. R. App. P. 36(b)) ("Because an interlocutory order cannot be appealed as of right, the appeal of the final judgment necessarily gives rise to the ability to challenge interlocutory orders that affect the judgment.").

480) ("'The lack of subject matter jurisdiction is so fundamental that it' . . . may be raised sua sponte."). Rule 4 of the Tennessee Rules of Appellate Procedure provides that notices of appeal must be filed "within 30 days after the entry of the judgment appealed from." Tenn. R. App. P. 4(a). "This Court is prohibited from extending the time allowed for taking an appeal as of right [and] has no jurisdiction to hear the appeal where the notice of appeal is not timely filed." *Coldwell Banker-Hoffman Burke v. KRA Holdings*, 42 S.W.3d 868, 873 (Tenn. Ct. App. 2000).

The trial court dismissed Progressive and Mountain Laurel by order of January 27, 2020. This order stated as follows:

> Upon oral Motion of counsel for Defendants to make this Order final for purposes of appeal pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure, the Court further expressly determines there is no just reason for delay and directs the entry of this order as a final judgment of Dismissal as to Defendants Progressive [] and Mountain Laurel [].

Thus, the January 27, 2020 order was properly designated as final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.[5] Appellant therefore had thirty days to file a notice of appeal as to this order. Nothing in the record indicates that Appellant filed any notice of appeal until June 23, 2021. Because this notice of appeal was filed more than thirty days following the entry of the January 27, 2020 order, the notice of appeal was not timely as to the claims against Progressive and Mountain Laurel. Any appeal as to the January 27, 2020 order is therefore dismissed with prejudice.

## IV. CONCLUSION

Based on the forgoing, we dismiss this appeal for lack of subject matter jurisdiction. Costs of this appeal are taxed to Appellant Edward Ronny Arnold, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[5] Rule 54.02 states, in relevant part as follows:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Tenn. R. Civ. P. 54.02(1).